

DA 10-0246

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2011 MT 145N

JACKIE and BENARD JOHNSON,

      Plaintiffs and Appellants,

   v.

BETTIE CHAMBERS,

      Defendant and Appellee.

APPEAL FROM:   District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. CDV 08-1111
Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

          Patrick T. Fox; Doubek & Pyfer; Helena, Montana

      For Appellee:

          Paul R. Haffeman; Davis, Haffeman, Hatley & Tighe, P.C.;
Great Falls, Montana

Submitted on Briefs:  April 13, 2011

Decided:   June 21, 2011

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 This case arises from an automobile collision between the parties. Bettie Chambers (Chambers) struck Jackie Johnson's (Johnson) vehicle when Chambers ran a red light. Chambers admitted liability. A jury trial was held to determine damages. The jury awarded Johnson $26,000, which was offset by advance medical payments made by Chambers's insurance. Johnson raises five issues on appeal, four of which relate to evidentiary rulings made by the District Court. The fifth concerns the District Court's adoption of Chambers's proposed verdict form.

¶3 We review a District Court's rulings on the admissibility of evidence for abuse of discretion. *Clark v. Bell*, 2009 MT 390, ¶ 16, 353 Mont. 331, 220 P.3d 650. A district court has broad discretion in determining whether evidence is relevant and admissible. *Peterson v. Doctors' Co.*, 2007 MT 264, ¶ 31, 339 Mont. 354, 170 P.3d 459. Having reviewed the briefs and the record on appeal, we conclude that the appellants have not met their burden of persuasion on any of the issues raised. We therefore affirm the District Court.

¶4     *Whether the District Court erred in permitting Chambers to introduce evidence of preexisting conditions.*

¶5     The parties agreed at trial that Chambers was entitled to rebut Johnson's evidence of causation by discussing other causes of her claimed injuries, including at least some preexisting injuries affecting the same region of Johnson's back as was allegedly injured in the accident. Plaintiff's opening statement discussed several of these instances and Johnson's success at mitigating or eliminating resulting negative effects, ostensibly in order to paint a picture of her health at the time of the accident. Plaintiff's counsel referred to a slip-and-fall accident in 2006, another incident in September 2007, and another two months after the parties' January 2008 motor vehicle accident.

¶6     Johnson conceded that these instances—three injuries to her mid-back region in close temporal proximity to the accident—were relevant to rebut causation. She argued at trial, and now argues on appeal, that evidence of other preexisting conditions and of injuries to areas other than her mid-back was not relevant and was overly prejudicial. Johnson argues the District Court abused its discretion by admitting evidence of these other "transient, temporally-distant preexisting issues."

¶7     Upon review of the record, we conclude that plaintiff's own reference to prior injuries in her opening statement opened the door to discussion of her preexisting conditions. *State v. Guill*, 2010 MT 69, ¶ 39, 355 Mont. 490, 228 P.3d 1152 ("[w]hen one party opens the door, or broaches a certain topic that would otherwise be off limits, 'the opposing party has the right to offer evidence in rebuttal . . . ' ") (quoting *State v. Veis*, 1998 MT 162, ¶ 18, 289 Mont. 450, 962 P.2d 1153). Johnson's pretrial brief,

submitted on the date of the final pretrial conference, raised the admissibility of previous injuries as an issue for the court; however, no record has been provided of the final pretrial conference and it does not appear any ruling was requested prior to trial. Plaintiff's counsel, after discussing a selected history of Johnson's prior injuries at length in his opening statement, first raised the issue before the court by objecting during the defendant's opening statement. In explaining his objection outside the presence of the jury, counsel noted, "and I'll tell you, I opened the door[,]" but argued that only the preexisting conditions he raised should be allowed into evidence. Addressing defense counsel, the trial court ruled that Chambers would be allowed to "discuss the evidence that you're representing to me is relevant and similar as to what we're dealing with in this case."

¶8 As we have observed, " '[u]nder the . . . 'opening the door' doctrine, the introduction of inadmissible evidence by one party allows an opponent, in the court's discretion, to introduce evidence on the same issue to rebut any false impression that might have resulted from the earlier admission.' " *Stevenson v. Felco Indus.*, 2009 MT 299, ¶ 40, 352 Mont. 303, 216 P.3d 763 (quoting *U.S. v. Whitworth*, 856 F.2d 1268, 1285 (9th Cir. 1988)). With Johnson already having introduced the topic to the jury prior to seeking any ruling from the court, she has not met her burden of proving that the court abused its discretion by admitting additional evidence of preexisting injuries offered by the defense. Nor has she shown that the manner of their introduction through various witnesses merits a new trial. In order for the erroneous admission of evidence to constitute grounds for a new trial under § 25-11-102, MCA, the error must be so

4

significant as to materially affect the substantial rights of the complaining party. *Stevenson*, ¶ 16. That showing has not been made.

¶9 *Whether the District Court erred in permitting Dr. Stratford to testify or in admitting his expert report into evidence.*

¶10 Dr. William Stratford conducted an independent medical examination (IME) of Johnson pursuant to M. R. Civ. P. 35. In her trial brief, Johnson stated she expected to challenge the admissibility of Stratford's testimony on the basis that he was not an independent witness, having close ties with the insurance industry and defense bar. At trial, Johnson moved to exclude Stratford's testimony. The District Court denied the motion on two grounds. First, the court found it to be untimely. Stratford performed the IME in June 2009 and was disclosed as an expert witness in September 2009, but Johnson did not raise any issues with respect to his selection until the final pretrial conference in April 2010, and first moved to exclude his testimony at trial in May 2010. As the court noted, the exclusion of Dr. Stratford's testimony at that late point would have deprived the defense of expert testimony. Second, the court held Johnson had failed to demonstrate that Dr. Stratford was not independent.

¶11 We agree that Johnson's motion was ill-timed and made at a point in the trial when a grant of the motion would unfairly prejudice Chambers. Our decision in *Stevenson* does not preclude a district court from exercising its discretion to deny a motion made at trial. Johnson had not opposed the Rule 35 examination and was aware of Dr. Stratford's participation in the case for nearly a year before objecting to his independence. *Stevenson* does not prohibit a District Court from considering such

5

factors. Johnson cross-examined Dr. Stratford extensively on his alleged lack of independence and the jury was free to evaluate his credibility.

¶12 Similarly, we cannot say the District Court abused its discretion when it admitted Dr. Stratford's report after also admitting several reports prepared by Johnson's expert witnesses. Johnson's counsel already had questioned Dr. Stratford at length from the contents of the report. Johnson has not shown that admitting the report itself into evidence likely increased its effect on the jury. The distinctions Johnson draws between Dr. Stratford's report and other reports admitted into evidence at Johnson's request do not demonstrate grounds for a new trial.

¶13 *Whether the District Court erred in prohibiting Johnson from cross-examining Dr. Stratford on Dr. Wilson's report.*

¶14 Unlike Dr. Stratford, Dr. Leonard Wilson was neither present in the courtroom nor available for cross-examination. His report therefore constituted inadmissible hearsay. *Shillingstad v. Nelson*, 141 Mont. 412, 420, 378 P.2d 393, 397 (1963). While Johnson complains the trial court prevented her from cross-examining Dr. Stratford on Dr. Wilson's report, the court simply sustained an objection to a wholesale reading of Dr. Wilson's report into evidence. Johnson had ample opportunity to cross-examine Dr. Stratford on the bases for his opinions, and did so. Dr. Stratford did not incorporate Dr. Wilson's report into his own report, but rather consulted the report and included a short summary of its findings in his report. Johnson cross-examined Dr. Stratford on this portion, which was admitted into evidence. Dr. Stratford's consultation of Dr. Wilson's

6

report does not somehow allow the report to evade the prohibition against hearsay evidence.

¶15 *Whether the District Court erred in using a general verdict form rather than the special verdict form proposed by Johnson.*

¶16 Johnson argues that a special verdict form would have been appropriate for the present case, and cites several instances in which such forms have been used. Johnson does not offer any reasons why a general verdict form was inappropriate—her arguments merely extol the virtues of a special verdict form. Whatever the merits of a special verdict form, the District Court did not abuse its discretion in using a general verdict form, as Johnson's argument tacitly admits.

¶17 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are ones of judicial discretion and there clearly was not an abuse of discretion.

¶18 Affirmed.

/S/ BETH BAKER

We concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ JIM RICE
/S/ BRIAN MORRIS